FILED '09 JUL 29 08:14 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OLONZIE CLEMMAN, JR.,                                  CV. 08-0081-PA

       Petitioner,

  v.                                                   OPINION & ORDER

BOARD OF PAROLE & POST-PRISON
SUPERVISION,

       Respondent.

TONIA L. MORO
Office of the Federal Public Defender
101 SW main Street, Suite 1700
Portland, OR  97204

    Attorney for Petitioner


JOHN KROGER
Attorney General
JACQUELINE SADKER
Oregon Department of Justice
1162 Court Street, NE
Salem, OR  97301

    Attorneys for Respondent

1 - OPINION AND ORDER

Panner, Judge.

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a decision by the Oregon Board of Parole and Post-Prison Supervision ("Board") designating him a predatory sex offender and a sexually violent dangerous offender. The Court issued an order to show cause why the petition should not be summarily denied on the basis that Petitioner had not exhausted his available state court remedies. The Court has reviewed the parties responsive pleadings (#24, #33, #36) and finds Petitioner has not satisfied the Court's order to show cause.

## BACKGROUND

In 1986 Petitioner was convicted of Rape in the First Degree and sentenced to 20 years in prison. In 1993, while on parole, Petitioner was arrested for Rape in the First Degree. He was convicted in 1995 and sentenced to 116 months in prison and 124 months post prison supervision.

In 1993, after Petitioner's arrest but before his conviction, the Oregon legislature authorized the Board to designate inmates as predatory sex offenders ("PSO"). Or. Rev. Stat. § 181.585-181.590. In 1999, the Oregon legislature authorized the Board to impose intensive post-prison supervision on inmates designated as sexually violent dangerous offenders ("SVDO"). Or. Rev. Stat. § 144.635.

In 2004, in anticipation of parole release, the Board ordered Petitioner undergo a psychological evaluation pursuant to OAR 255-060-0012(7). (Petr.'s Ex. 104.) On two occasions, Petitioner

2 - OPINION AND ORDER

refused to be evaluated and the psychologist notified the Board of Petitioner's refusals. (*Id.*) When Petitioner was released onto parole in November, 2004, the Board's Order of Supervision designated Petitioner a PSO and SVDO.

Petitioner filed an Administrative Review Request contesting the Board's order of supervision, alleging there was insufficient evidence in the record to support a SVDO designation because there was no mental health evaluation showing he met the criteria of a SVDO, and alleging the SVDO designation was an *ex post facto* violation. (#23 at 4.) The Board denied relief. (Petr's. Ex. 4.)

Petitioner sought judicial review and on June 28, 2006, filed his brief presenting two sets of errors: (1) the Board designating him a PSO, and (2) the Board designating him a SVDO. In challenging the SVDO designation Petitioner argued violation of his due process rights to a hearing, that the Board exceeded its authority in designating him a SVDO by default, and that the designation was an *ex post facto* violation. However, on December 30, 2006, Petitioner became a fugitive when he left the work center where he resided without permission and failed to return. On January 3, 2007, the Board issued a warrant for his arrest, and on January 10, 2007, the State filed a motion to dismiss Petitioner's appeal pursuant Or. R. App. P. 8.05(3) on the basis Petitioner was a fugitive. (Petr.'s Ex. 6.) On February 7, 2007, Petitioner's counsel filed a response contesting the State's motion but did not otherwise communicate with the court. On May 17, 2007, the Oregon

3 - OPINION AND ORDER

Court of Appeals issued an order of dismissal finding Petitioner had absconded from supervision. (Pet. Ex. 8.) There is no evidence the Oregon Court of Appeals was notified that Petitioner was periodically incarcerated in the Marion County Jail from February 15, 2007 to October 18, 2007.[1]

Petitioner filed a petition for review to the Oregon Supreme Court presenting the following question: "Does a dismissal under ORAP 8.05(3) deny a petitioner due process of law when it perpetuates prior violations of his constitutional rights by continuing to deny the petitioner a chance to be heard and a meaningful opportunity to obtain review of the board's action?" (Pet. Ex. 9 at 2-3.) The court denied review.

Petitioner filed the instant petition challenging the Board action designating him a PSO and SVDO.

## DISCUSSION

### I.  Exhaustion and Procedural Default

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under

---

[1] Petitioner reports being incarcerated at the Marion County jail from approximately February 15, 2007 - May 3, 2007; May 6, 2007 - May 15, 2007; May 20, 2007 - June 18, 2007; June 22, 2007 - October 18, 2007. (Pet. Ex. 12.)

4 - OPINION AND ORDER

state law. *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004), *cert. denied*, 125 S.Ct. 2975 (2005); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

A federal claim is "fairly presented" to the state courts if it was presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005)(internal citations omitted). "Oregon Rule of Appellate Procedure 9.05(7) (2003) instructs litigants seeking discretionary review to identify clearly in the petition itself the legal questions presented, why those questions have special importance, a short statement of relevant facts, and the reasons for reversal, 'including appropriate authorities'." *Baldwin*, 541 U.S. at 31. "Ordinarily a state prisoner does not 'fairly present' a federal constitutional claim to a state's highest court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.*; *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)(habeas petitioner must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief"). Under limited circumstances, the Oregon Supreme Court has considered federal claims fairly presented when the petitioner specifically cross-referenced claims in the assignment of error and attached a lower court brief arguing

5 - OPINION AND ORDER

the federal claims. *Farmer v. Baldwin*, 346 Or. 67, 79-81, 205 P.3d 871 (2009).

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. *Casey v. Moore*, 386 F.3d 386, 920 (9th Cir. 2004); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice. *Edwards v Carpenter,* 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750.

## II. Analysis

It is clear from the record that Petitioner did not raise the claims he presented to the Oregon Court of Appeals in his petition for review to the Oregon Supreme Court. In seeking judicial review of the Board's actions, Petitioner alleged constitutional violations stemming from the fact and manner in which the Board designated him a SVDO. In his petition for review to the Oregon Supreme Court, Petitioner alleged a violation of his due process rights when the Oregon Court of Appeals dismissed his judicial review pursuant to ORAP 8.05(3). The claims challenging the Board's actions are factually distinct from the claim challenging the dismissal of his appeal pursuant to ORAP 8.05(3). Petitioner

could have, but did not present the claims challenging his SVDO designation in his petition for review, and accordingly failed to exhaust his state remedies as to these claims. Because the time for raising these claims to the Oregon Supreme Court has passed, they are procedurally defaulted. Petitioner has not shown cause and prejudice sufficient to excuse the default.[2] Nor is his argument that he is actually innocent of the SVDO designation persuasive.[3]

    Petitioner argues that the procedural rule under which the Oregon Court of Appeals dismissed his claims is inadequate to bar federal habeas review of his Board related claims. However, the rule allowing federal courts to review claims if it is not clear the state court decision rests on an independent and adequate state law does not apply when the petitioner has failed to exhaust state remedies and the claims are procedurally defaulted. *Coleman*, 501 U.S. at 734-35 n.1.

---

    [2] Petitioner contends the state hindered his ability to avoid the application of ORAP 8.05(3) in the Court of Appeals, but this does not excuse his failure to present the claims challenging his SVDO designation in his petition for review to the Oregon Supreme Court.

    [3] The actual innocence exception is reserved for extraordinary cases in which the petitioner can show he is actually innocent of the charges for which he is incarcerated, and requires the petitioner to present new compelling evidence of his actual innocence, which Petitioner has failed to do. *Schlup v. Delo,* 513 U.S. 298, 329 (1995).

7 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing, Petitioner's Petition for Writ of Habeas Corpus (#2) is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 28 day of July, 2009.

                                                            Owen M. Panner
                                                  United States District Judge

8 - OPINION AND ORDER